“ Truax, J.
The plaintiff is the lessee of premises situate on the east side of Third avenue, between One Hundred and Twenty-eighth and One Hundred and Twenty-ninth streets. The lease to him is from May 1, 1887, to May 1, 1897. Since the making of the lease the defendant has purchased the fee of the property.
“ The defendant is about to construct in front of plaintiff’s premises, a track or tracks leading from the line on Third avenue into One Hundred and Twenty-ninth street, and the plaintiff asks an injunction restraining it from so doing. There is now a portion of the defendant’s structure in front of the premises occupied'by the plaintiff, and it is to be noticed that the additional structure that the defendant intends to put in front of plaintiff’s premises will but slightly increase the inconveniences already suffered by the plaintiff. Such structure will take up a triangular piece of the extreme northerly corner of the sidewalk of the premises in front of plaintiff’s premises.
“ It is provided by section 5 of chapter 606 of the Laws, of 1875, that the commissioners, known as the rapid transit commissioners, appointed under said law, shall decide upon the plan , or plans for the construction of railway or railways with the necessary supports, turn-outs, switches, sidings, connections, landing places, stations, buildings, platforms, stairways, elevators, telegraph and signal devices, or other requisite appliances upon the route or routes, and in the locations determined by them. While the same act gives the defendant the right to enter upon and underneath the several streets, avenues, public places and lands designated by the said commissioners, and enter into and upon the soil of the same ; to construct, maintain, operate and *507 use in accordance with the plan adopted by the said commissioners, a railway or railways upon the route or routes, and to the points decided upon, and to secure the necessary foundations and erect the columns, piers, and other structures which may be required to secure safety and stability in the construction and maintenance of the railways constructed upon the plan adopted by the said commissioners, and for operating the same (section 26.)
“ In accordance with the provisions of the rapid transit act, the commissioners laid out a route from the intersection of Third avenue and East Ninety-second street, crossing East Ninety-second street, over, through and along Third avenue to East One Hundred and Twenty-ninth st’reet, (there connecting with the ferries having landings at or near the Harlem bridge;) thence over, through and along East One Hundred and Twenty-ninth street to the intersection of East One Hundred and Twenty-ninth street and the Harlem river ; thence over and along the Harlem river to First avenue, and gave the defendant authority to construct such supports, turn-outs, switches, sidings, connections, landing places, stations, buildings, platforms, stairways, elevators, telegraph and signal devices, and such other requisite devices and appliances upon the route or routes and in the locations determined by the commissioners, as shall be proper for the purpose of rapid transit railways, and as shall be necessary to meet the requirements of the traveling public.
“ I am of the opinion that by virtue of the provisions of the statute above referred to, and of the act of the commissioners, the defendant has authority to erect the structure of which the plaintiff complains, especially in view of the fact that there is nothing before me showing that the structure cannot be constructed within the time fixed by the commissioners, if any time were fixed.
“ The plaintiff contends that the defendant should not be allowed to erect this structure, first, because it *508 has not the authority so to do ; and, secondly, because it has not yet acquired his easements of light, air and access.
“ The first objection of the plaintiff is overruled for the reasons above stated.
“ Secondly, section 17, of chapter 606, of the Laws of 1875, gives to the defendant the right to acquire and hold such real estate or interest therein, as may be necessary to enable it to construct, maintain and operate the said railway or railways, and such as may be necessary for stations, depots, engine houses, car houses and machine shops; and in case any such corporation cannot agree with the owner or owners of any such real estate, or of any interest therein, it shall have the right to acquire title to* the same in the manner and by the special proceedings prescribed in that act.
“ The question to be determined in this case is whether the defendant should be allowed to acquire the easements in addition to the easements that it already had there before or after the construction of the additional track.
“ It is provided in the constitution of this . state that no person shall be deprived of life, liberty or property without due process of law, nor shall private property be taken for the public use without just compensation.
“ This court held in the case of Abendroth v. The Manhattan Railway Company, 22 Jones & Spencer, 417, affirmed 122 N. Y. 1, that an easement of light,air and access is private property, and within the provision of the state constitution above referred to, and such is now the law of this state.
“ It is stated in Lewis on Eminent Domain, § 631, that ‘ it is now almost universally held that an entry upon private property under color of the eminent domain power will be enjoined until the right to make such entry has been perfected by a full compliance with the constitution and the laws’ (see cases there cited.)
“ The case of Bloodgood v. The Mohawk and Hudson *509 Railroad Company, 18 Wendell, 9, is one of the earliest cases on that subject.
“ The act of incorporation of the defendant in that case authorized them i to enter upon and take possession of and use all such lands and real estate as may he indispensable for the construction and maintenance of their single or double railroad or ways, and the accommodations requisite and appertaining to them, * * * provided that all lands or real estate thus entered and taken possession of and used by the said corporation, and which are not donations, shall be purchased by said corporation of the owner or owners of the same at a price to be mutually agreed upon betwixt them; and in case of a disagreement of the price it shall be the duty of the governor of the state to appoint three commissioners to determine the damages which the owner or owners of the land or real estate so entered upon by the said corporation has or have sustained by the occupation of the same, and upon payment of such damages, then the said corporation shall be deemed to be seized and possessed.’
“ Section 18 of chapter 606 of the Laws of 1875, provides for the appointment of commissioners of appraisal. Sections 18, 19, 20 and 21 provide for the appointment of commissioners of appraisal and for their method of procedure in determining the sums to be paid as compensation for the land and property taken. Section 22 provides that upon payment or deposit by the company of the sums to be paid as compensation for the land, and for costs, expenses and counsel fee as aforesaid, and as directed by said order, with interest from the date thereof, the company shall be entitled to enter upon, take possession of and use the said land for the purpose of its incorporation.
“ The act under which the defendant is incorporated, in this respect, is not unlike the act of incorporation of the defendant in the case of Bloodgood v. the Mohawk and Hudson Railroad Company above referred to. . In *510 that case the Court of Errors decided that ‘ by the true construction of the defendants’ charter or act of incorporation they were not authorized to take and appropriate the plaintiff’s lands to their use for the purpose of making their railway thereon until his damages were appraised and paid or deposited for his use as provided for in the act of incorporation.’ And it was held in the case of Dusenbury v. The Mutual Telegraph Company, 11 Abb. N. C. 440, ‘ that the payment of compensation to owners along the proposed route of the telegraph company is a condition precedent to the right to erect lines, and applies to public roads, streets and highways and any other lands which the company is authorized to occupy.’
“ The plaintiff in this action alleges that by the acts of the defendant access to his premises is made extremely difficult, so that the number of persons resorting thereto has been already diminished, to his great damage, and will be in the future diminished if the acts contemplated by the defendant are carried out; that he will be injured by the noxious smells, vapors and noises generated by and emitted from the locomotives, which the defendant proposes to run over, the structure so to be erected, and by the soot, cinders and sparks of said locomotives, and by the interrupted and intermittent character of the light which will be caused by the trains and locomotives passing over such structure, and the light upon and within the said premises will also be greatly diminished by said structure itself; that the said contemplated acts of the defendant, if permitted to be continued or performed, will amount to a continual and serious detriment to the business of said plaintiff and to his residence, and are and will be inconsistent with the legitimate objects of the Third avenue for public enjoyment; that he has already suffered special damages in the sum of $250 (two hundred and fifty dollars) and such injury will be constant and continuous. These allegations are not denied.
Edward C. Perkins, attorney and of counsel, for appellant.
Davies, Short & Townsend, attorneys, and Julien T. Davies and Brainard Tolles of counsel, for respondent.
“ I am of the opinion that, within the decisions above referred to, the plaintiff is entitled to an injunction restraining the defendant from constructing the additional track in front of the plaintiff’s premises. This ruling works no hardship upon the defendant. It has and has had the right at all times to apply under the statute for the condemnation of the plaintiff’s property (see Carter v. N. Y. El. R. R., decided March 14, 1888, in which an injunction was granted by me.) It should ba,ve done this before it began to construct the road. Payment should precede taking. It must be enjoined until it shall have acquired bv nurchase or otherwise plaintiff’s easement. By acquiring the rights of adjacent property holders before taking those rights many actions will be saved.
“ Motion to continue the injunction granted upon the plaintiff’s giving an undertaking in the sum of $500, with two sureties.”
By the Court.—Dugro, J.
The plaintiff sought an injunction to prevent defendant from unlawfully taking his property.
For the reasons stated in the opinion of the learned judge at special term an injunction which will prevent this wrong should have been granted.
The order appealed from contains a provision bjr which defendant is, in effect, provided with a way to obtain plaintiff’s property other than that fixed by statute. As the facts presented do not show a necessity for such extraordinary aid, it should not have been granted.
The order appealed from is modified by striking there *512 from all therein that follows the words “ or until the further order of this court” and inserting in lieu thereof the following: “ or until the defendant shall have obtained the right to enter upon the said premises in the way provided by statute.”
As thus modified the order should be affirmed, with ten dollars costs and disbursements to the appellant.
Freedman and Gildersleeve, JJ., concurred.